UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-22685-CIV-MORENO

CAPITOL SPECIALTY INSURANCE CORP.,

    Plaintiff,

vs.

R.G. RANCHO GRANDE CORP, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS MORENO'S AND TORRES' MOTIONS TO DISMISS

Plaintiff Capitol Specialty Insurance Corp. sued its insured R.G. Rancho Grande Corp., R.S. Rancho Grande, Inc., and Rolando Senti, and the third parties injured by its insureds, Vicente Moreno and Eddy Torres, for a declaration of its obligation under its policy. Defendants Moreno and Torres seek to dismiss the complaint for Plaintiff's failure to state a cause of action under Fed. R. Civ. P. 12(b)(6). Moreno and Torres allege that all of Plaintiff's allegations are aimed at the other Defendants, R.G. Rancho Grande Corp., R.S. Rancho Grande, Inc., and Senti, ("Rancho Defendants") and not against Moreno or Torres. Plaintiff, however, contends that Moreno and Torres are necessary parties to the declaratory judgment action. For the reasons stated below, the Court DENIES the motions to dismiss.

## LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to

the plaintiff and accept the plaintiff's well-pleaded facts as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). Even "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Moreover, the Supreme Court has stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation is to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

## ANALYSIS

In the underlying personal injury suit, Moreno and Torres seek damages for the alleged negligence of the Rancho Defendants that resulted in bodily injury to Moreno and Torres. In this case, Moreno and Torres argue that the suit should be dismissed because the complaint does not seek any relief against either of them. Nonetheless, Plaintiff maintains that Moreno and Torres are proper parties to the suit because a declaratory judgment action requires all parties who have an interest in the dispute to be before the court. The issue for the Court then, is whether Moreno and Torres, as claimants to the underlying suit, are proper parties to the declaratory judgment action brought by Plaintiff.

Because the Court's jurisdiction of this suit is based upon diversity of citizenship, 28 U.S.C. § 1332, Florida law controls. *See Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989). The Florida Supreme Court has made it clear that "before any proceeding for declaratory relief is entertained, all persons who have an 'actual, present, adverse, and antagonistic interest in the subject matter' should be before the court." *Fla. Dep't of Educ. v. Glasser*, 622 So. 2d 944, 948 (Fla. 1993)

(citations omitted). Moreno and Torres clearly have a present interest in the subject matter. Plaintiff's declaratory judgment action asks the Court to determine whether an exclusion in the insurance policy applies such that Plaintiff owes no duty to defend or indemnify the Rancho Defendants. If the exclusion applies, it could eliminate Plaintiff's liability in the underlying suit. Indeed, if Moreno and Torres were not parties to the declaratory action, then Plaintiff's declaratory's judgment against the Rancho Defendants, would not be binding on Moreno and Torres as third-party claimants. *See Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3rd DCA 1994) (citations omitted).

Therefore, Florida law makes clear that Moreno and Torres are proper parties to this suit. *See Bethel v. Sec. Nat'l Ins. Co.*, 949 So. 2d 219, 223 (Fla. 3rd DCA 2006) (citations omitted) (reaffirming that "[b]efore any proceeding for declaratory relief is entertained, all persons who have an actual, present, adverse, and antagonistic interest in the subject matter should be before the court"). Also, Plaintiff has alleged sufficient facts against Moreno and Torres to satisfy Fed. R. Civ. P. 8(a).

Accordingly, Moreno and Torres's Motions to Dismiss (**D.E. No. 12 and 13**), filed on **December 29, 2010** are DENIED. Defendants Moreno and Torres shall file an answer to the complaint by no later than **April 26, 2010**.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of April, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record